United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal Case No. 18-20506-CR-Scola |
| | ) |
| Fernan Walter Huerta Haro, | ) |
| Defendant. | ) |

### Order Denying Motion for Sentence Reduction

This matter is before the Court on the Defendant Fernan Walter Huerta Haro's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 218.) The Government has responded (ECF No. 220), and there is no need for the Defendant to reply. After careful consideration of the motion, the record, and the relevant legal authorities, the Court **denies** the Defendant's motion for reduction of sentence. (**Mot., ECF No. 218**.)

1. **Background**

Seven individuals were indicted in June 2018 for their involvement in a scheme involving call centers that fraudulently induced Spanish-speaking victims in the United States to make payments to avoid supposed deportation, court proceedings, and other false consequences. (ECF No. 3.) Fernan Walter Huerta Haro pleaded guilty to one count of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349 and was sentenced to 90 months of imprisonment on September 1, 2021. (ECF Nos. 102, 103, 157, 160.) As part of the plea agreement, Huerta agreed to recommend to the Court adjustments for his role as a manager and supervisor of the scheme to defraud and for the vulnerable nature of the victims. (ECF No. 102 ¶ 8.f-g.)

Since the Defendant's sentencing, the United States Sentencing Commission issued a sentencing adjustment for certain zero-point offenders ("Amendment 821"), which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors." The Defendant now seeks retroactive application of Amendment 821 to the Court's judgment sentencing him to 90 months of imprisonment.

2. **Legal Standard**

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be

modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.* 18 U.S.C. § 3582 (emphasis added).

Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

As noted, the retroactive amendment that the Defendant invokes here is Amendment 821—the adjustment for certain zero-point offenders. *See* U.S.S.G. § 4C1.1. Pursuant to Amendment 821, a defendant is eligible for a two-level

reduction in his offense level, if he meets all the following criteria:

> "(1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]" *See id.*

Huerta fails to meet at minimum Amendment 821's eligibility requirements (9) and (10)—*i.e.*, that he "did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim)[,]" and "did not receive an adjustment under §3B1.1 (Aggravating Role)[.]" *See id.* The Court therefore need not reach whether Huerta is also ineligible because he does not meet criterion (6)—that "the defendant did not personally cause substantial financial hardship[,]" although he very likely did by organizing and supervising a scheme to prey upon and unlawfully demand payments from Spanish speakers in the United States.

Huerta agreed in his plea agreement that the adjustments under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) and §3B1.1 (Aggravating Role) were applicable, and his factual proffer supported the application of the adjustments. Pursuant to his plea agreement, Huerta acknowledged that he "was a manager and supervisor of the criminal activity" and "knew or should have known that a victim of the offense was a vulnerable victim." (Plea Agreement, ECF No. 102 ¶ 8.f-g.) Thus, Huerta does not meet Amendment 821's eligibility criteria.

Because Huerta is not eligible for relief, the Court declines to reach the second step of the analysis to consider the § 3553(a) factors.

### 4. Conclusion

Accordingly, based on the foregoing, it is hereby **ordered and adjudged** that Huerta's motion for reduction of sentence is **denied**. (**ECF No. 218**.)

**Done and ordered** at Miami, Florida on April 2, 2024.

_____
Robert N. Scola, Jr.
United States District Judge